## THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

IN THE MATTER OF A CRIMINAL
COMPLAINT AGAINST
JACK D. DAGGETT

18-mj-2018DPR

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James D. Holdman Jr., being first duly sworn, do hereby depose and state that:

1. This affiant is a Special Agent (SA) with United States Immigration and Customs Enforcement (ICE) Office of Homeland Security Investigations (HSI) in Springfield, Missouri. This affiant has been employed with ICE/HSI since June 2003. This affiant has been employed in the field of law enforcement since January 1989, including duties as a deputy sheriff in Washington County, Missouri, and a criminal investigator for the State of Missouri.

2. As part of this affiant's duties with ICE/HSI, this affiant investigates criminal violations relating to child exploitation, child pornography, human trafficking, and coercion and enticement, in violation of 18 U.S.C. §§ 2251, 2422(a) and (b), 2252(a), and 2252A. This affiant has received training in the areas of child pornography, child exploitation, and human/sex trafficking.

3. This affiant has conducted operations relating to the exploitation of children and adults in Costa Rica, the border area of the United States and Mexico, and the Philippines. This affiant has instructed classes on sexual exploitation of children, interviewing, evidence collection, case studies, and undercover operations to law enforcement agencies within the United States, including six national conferences, as well as to law enforcement located in the following foreign countries:

    a. Cambodian National Police in Phnom Penh and Siem Reap;

1

b.  International Law Enforcement Academy (ILEA) in El Salvador;

    c.  Moroccan Police Academy in Kenitra;

    d.  Ontario Canada Provincial Police in Niagara Falls, Canada; and

    e.  Royal Canadian Mounted Police Headquarters, Ottawa, Canada.

4.  The statements in this affidavit are based on personal observations, training and experience, investigation of this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, this affiant has not included each and every fact known to me concerning this investigation. The affiant has set forth the facts necessary to establish probable cause to believe that Jack D. Daggett has violated 18 U.S.C. § 2252(a)(2), that is receipt and distribution of child pornography.

## STATUTORY AUTHORITY

5.  18 U.S.C. § 2252 prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

6.  The following definitions apply to this Affidavit and its Attachments:

    a.  The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

    b.  The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as

actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

c. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

d. The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

e. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

    1. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

    2. such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

3

    3. such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

 f. "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

 g. "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

## PROBABLE CAUSE

7. On March 6, 2018, Southwest Missouri Cyber Crimes Task Force (SMCCTF) Officer (TFO) Brian Martin received CyberTips 28427778, 28427482, 28427213, 28337520, and 28280013 from the National Center for Missing and Exploited Children (NCMEC). The CyberTips were initiated by Google Inc. (hereinafter "Google"), after they had discovered images of possible child pornography that had been uploaded by a Google user to their account. Google reported that the account uploading the images had the user name "jack Daggett," and the e-mail address jdaggett69@gmail.com. The images in all five CyberTips were uploaded on February 17, 2018,

4

from Internet Protocol (IP) address 96.18.142.128, which belonged to Cable One.

8. Google reported CyberTip 28427778 to NCMEC on March 3, 2018. Google reviewed and sent 150 images of suspected child pornography. TFO Martin reviewed the images and confirmed that they depicted child pornography, that is, children less than 18 years of age engaged in sexually explicit conduct. In one image, a prepubescent male is depicted with no shirt, his pants are pulled down, and his penis is exposed. Another image depicted a male child, approximately five years old, with his mouth on a toddler's penis.

9. Google reported CyberTip 28427213 to NCMEC on March 3, 2018. Google reviewed and submitted 150 images of suspected child pornography. TFO Martin reviewed the images and confirmed that they depicted child pornography. One image depicts an adult penis anally penetrating a male child.

10. Google reported CyberTip 28427482 to NCMEC on March 3, 2018. Google reviewed and submitted 150 images of suspected child pornography. TFO Martin reviewed the images and confirmed that they depicted child pornography. In one image, a prepubescent male is lying on a bed, nude, and has a dog collar around his neck. There is a rubber plug placed in the child's rectum.

11. Google reported CyberTip 28428017 to NCMEC on March 2, 2018. Google reviewed and sent 100 images of suspected child pornography with the CyberTip. TFO Martin reviewed the images and confirmed that they depicted child pornography. One image depicted a prepubescent male lying on a bed, naked, with an adult male's index finger inserted into the child's anus. Another image depicted a prepubescent male, approximately three years old, with an adult male penis in his mouth.

12. Google reported CyberTip 28337520 to NCMEC on March 1, 2018. Google viewed and

submitted 77 files of suspected child pornography. TFO Martin reviewed the images and confirmed that they depicted child pornography. Many of the images depicted adult males sodomizing male children.

13. Google reported CyberTip 28280013 to NCMEC on February 28, 2018. Google viewed and submitted eight files of suspected child pornography. TFO Martin reviewed the images and confirmed that they depicted child pornography. Many of the images depicted adult males sodomizing male children.

14. On March 7, 2018, TFO Martin located a Jack D. Daggett (hereinafter "Daggett") in Springfield, Missouri. SMCCTF TFO Lee Walker located a Springfield, Missouri, Police Department (SPD) Report where Daggett was the suspect in a child pornography investigation. On April 30, 2014, SPD Officer Jonathan Bartel responded to a location in Springfield to make contact with Mary Hutter (hereinafter "Hutter"). Hutter reported that her son, Daggett, had been in the custody of the State of Maine since he was seven years old due to a sexually related offense. Hutter stated Daggett was released when he was 18 years old, and Daggett had moved to Springfield approximately two years ago. Hutter stated Daggett frequently used her smartphone, and in the evening hours of April 28, 2014, Daggett's e-mail opened when she attempted to log onto Facebook. Hutter said she saw about three hundred images of child pornography attached to emails. Hutter provided Daggett's e-mail address, jackdaggett123@gmail.com.

15. On March 9, 2018, TFO Martin received CyberTip 28715480 from NCMEC. Google initiated the CyberTip after they located four images of suspected child pornography in a Google account. The images were uploaded on February 17, 2018. In this CyberTip, Google reported the user associated with the e-mail address jdaggett69@gmail.com had Google Wallet, also known as Google Pay. Google Pay is a peer-to-peer payments service developed by Google that allows

6

people to send and receive money from a mobile device or desktop computer at no cost to either sender or receiver. The wallet was registered to "Jack Daggett, Springfield, Missouri, 65803," and the phone number listed was (417) 379-5313.

16. Google closed email account jdaggett69@gmail.com because the user had violated the terms of service by uploading child pornography images. On March 1, 2018, Daggett sent an appeal to Google for the suspension of his Google account from email address maryhutter123@gmail.com.

17. TFO Martin issued an investigative subpoena to Cable One for IP address 96.18.142.128. On March 21, 2018, Cable One responded to the investigative subpoena, identifying the subscriber as J. D. Daggett, 2121 Annie Baxter Avenue, Joplin, Missouri 64804, phone number (620) 762-3430. The return indicated that the subscriber had this IP address from February 15, 2018, to March 2, 2018.

18. On March 26, 2018, TFO Martin applied for and received a state search warrant for 2121 Annie Baxter Avenue, Joplin, Missouri 64804, from the Jasper County, Missouri, Circuit Court. On March 29, 2018, the affiant, TFO Martin, and other members of the SMCCTF executed the state search warrant at 2121 Annie Baxter Avenue. Upon arrival, the affiant learned that Daggett was at his place of employment, Teleperformance. After securing the residence, the affiant, TFO Martin, and SMCCTF TFO Charles Root responded to Teleperformance to locate Daggett. TFO Root made contact with the Human Resource manager and arranged to have Daggett brought to the office. Once Daggett arrived at the office, TFO Martin told Daggett that officers were currently executing a search warrant at his residence. The affiant and TFO Martin asked Daggett if he would be willing to speak with us, and Daggett agreed that he would. The affiant and TFO Martin interviewed Daggett in the affiant's vehicle on the parking lot of Teleperformance.

19. Post-*Miranda*, Daggett stated he had child pornography on a tablet computer at his residence.

7

Daggett stated that he had been looking at child pornography for some time and that he had a problem he could not control. Daggett said that when he was a teen, he had been placed in several group homes after being caught raping a much younger child. Daggett further stated that he had sexually abused so many children, he could not put a number on it. Daggett said he obtained his child pornography from the website http://www.imgsrc.ru, and he had an account on imgsrc.ru located under user name "jdaggett69." Daggett also stated that he looked at child pornography, and masturbated to child pornography, so that he could avoid sexually abusing children. Daggett claimed that he had never received any treatment for his past incidents of sexual assaults.

20. Officers located an ASUS tablet computer inside Daggett's residence. During a forensic preview of the ASUS tablet computer, numerous files containing child pornography were located on a tablet computer. Officers also located and seized a Dell Optiplex computer from Daggett's residence. The affiant confirmed that the ASUS tablet computer was manufactured outside the state of Missouri and would have had to cross state lines to enter. Furthermore, Google and imgsrc.ru utilize the Internet to function.

## CONCLUSION

21. Based on the above facts, this affiant believes there is probable cause in support of a criminal complaint against Jack D. Daggett for violation of 18 U.S.C. § 2252(a)(2), that is, receipt and distribution of child pornography.

James D. Holdman, Jr.
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 3rd day of April, 2018.

David P. Rush
United States Magistrate Judge
Western District of Missouri