# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **JACK D. DAGGETT,** Defendant. | Case No: 18-05017-01-CR-SW-MDH |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this response to the defendant's sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 29, 2018. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully recommends that this Court sentence the defendant to 180 months' imprisonment, to be followed by a life term of supervised release.

## I. BACKGROUND

On May 1, 2018, a grand jury returned a one-count indictment charging the defendant with receipt and distribution of child pornography in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1). (Doc. 15.) On May 10, 2018, the defendant pleaded guilty, without a plea agreement, to the one-count indictment before this Court. (Doc. 23.) On July 23, 2018, the final presentence investigation report (PSR) was filed. (Doc. 25.)

The defendant has filed two objections to the PSR; however, neither objection affects the offense level and Guidelines range.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*,* "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007); (citing *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). 18 U.S.C. § 3553(a) specifies the factors courts are to consider when imposing a sentence. 18 U.S.C. § 3553(a) instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" identified in § 3553(a)(2), "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175, 197 L. Ed. 2d 490 (2017). The four identified purposes of sentencing are reached by considering the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, pertinent policy statements, unwarranted sentence disparities among similarly situated defendants, the need to provide restitution to the victims of the offense, and the Sentencing Guidelines. 18 U.S.C. § 3553(a)(1)-(7).

Once a correctly calculated guideline range is determined, the court should afford both parties an opportunity to argue "for whatever sentence they deem appropriate," and "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 596.) In making this determination, the district court should not presume the Guidelines are reasonable, but assess each case upon the facts presented. *Id*. (citing *Gall*, 552 U.S. at 596.) "If the court concludes that a sentence outside of the Guidelines range is warranted, then it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id*. (quoting *Gall*, 552 U.S. at 596.)

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The final PSR, filed on July 23, 2018, found an offense level of 32 and a criminal history category of I. (PSR 12, ¶ 83.) The statutory minimum term of imprisonment is five years, the statutory maximum term of imprisonment is 20 years, and there is a statutory mandatory minimum of five years' supervised release up to a life term of supervision. (PSR 13, ¶¶ 82, 85, 87.) With a final Guidelines range of 32, and a criminal history category of I, the Guidelines imprisonment range is 121 months to 151 months, with the defendant being ineligible for probation, and a Guidelines supervised release term of at least five years. (PSR 12-13, ¶¶ 83, 86-88.)

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of this case are thoroughly discussed in Paragraphs 4 through 20 of the PSR. (PSR 4-6.) The defendant came to the attention of law enforcement because of repeated CyberTips made by Google, as well as a report made by his mother. (PSR 3-4, ¶¶ 4-13.) The defendant had continually uploaded images of child pornography to his Google account. (PSR 3-4, ¶¶ 4-13.) The defendant's mother also reported to law enforcement that the defendant had been using her devices, and when the defendant's e-mail account opened, she observed approximately 300 images of child pornography. (PSR 4, ¶ 11.) The defendant had a large amount of child pornography in the instant case. Just in identified files alone, the defendant was in possession of 3,252 image files and five video files, resulting in 73 identified series.

In an interview with law enforcement, the defendant admitted that he had had an uncontrollable problem with child pornography his whole life. (PSR 5, ¶ 17.) The defendant further admitted that he had been sexually abusing other children since he was 12 years old. (PSR

5, ¶ 18.) The defendant admitted he had been looking at child pornography since he was in the group homes. (PSR 5, ¶ 19.) The defendant explained that he viewed child pornography once or twice daily, and masturbated to it, so that he could avoid sexually abusing children. (PSR 6, ¶ 20.), During the course of the interview, the defendant expressed no remorse or shame, instead, the defendant indicated that he just wanted to get this over with, to go serve his time, and go about his way. (PSR 5-6, ¶¶ 15, 19, 20.)

By his own admission, the defendant has admitted that he cannot control his problem with child pornography and that he has abused so many children he could not put a number on it. Furthermore, the defendant admitted that he viewed child pornography to prevent himself from molesting children. The Government respectfully recommends that a 180-month sentence is appropriate given the nature and circumstances of this case.

### 2. History and Characteristics of the Defendant

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.' " *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007) (internal quotations omitted). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure." *Id.* at 830-31. (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir. 2005).

The defendant is a 29-year-old male whose mother reported an unstable upbringing in the juvenile justice system. (PSR 9-10, ¶¶ 57-63.) The defendant is single and has no dependents. (PSR 10, ¶ 64.) The defendant reports to be in good health; however, his mental health information could not be verified. (PSR 10-11, ¶¶ 65, 68.) Based upon the pre-trial services report obtained

at the time of the defendant's initial appearance, the defendant reported a history of ADHD and Asperger's Syndrome. (PSR 11, ¶ 70.) The defendant has no reported use of substance abuse. (PSR 11, ¶ 71.) The defendant claims he graduated high school and has an unverified employment history. (PSR 12-13, ¶¶ 72-77.)

The defendant has no criminal convictions; however, he does have a juvenile adjudication for arson. (PSR 8, ¶ 42.) Although there is no background information on the arson, the defendant admitted in his interview with law enforcement that he tried to burn down his therapist's office. (PSR 5, ¶ 19.) The defendant had reportedly been sent to the therapist after the first time he was caught sexually abusing a child. The defendant went on to report a horrendous history of sexually abusing other children, stating that he had sexually abused so many children, he could not put a number on it. (PSR 5, ¶ 18.) The defendant estimated that he probably sexually abused "30 to 40 kids" while he was in group homes. (PSR 5, ¶ 18.)

When he was at a children's home in Maine, the defendant reported abusing 10 to 15 children. (PSR 5, ¶ 19.) Later, he was moved to a group home in New Hampshire where he admitted to abusing 10 to 12 children. Finally, the defendant was sent to another group home where he stated he abused another five or six children. He was caught looking at both child and adult pornography as well while at the group home. At the age of 18, the defendant moved in with his mother and stated he had been looking at child pornography since then.

There is very little to support any variance based upon the defendant's history and characteristics. The defendant is an individual who has admitted to sexually abusing countless children since the age of 12. The defendant recognizes he has an uncontrollable problem that he can only manage by masturbating to child pornography to avoid molesting more children. The

5

Government respectfully recommends a sentence of 180 months' is appropriate given the history and characteristics of this defendant.

### 3. Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Based upon the defendant's history and characteristics, and the nature of the offense, a 180-month sentence would reflect the seriousness of the offense, promote respect for the law, and provide punishment that is sufficient, but not greater than necessary.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A 180-month sentence would be a deterrent to this defendant and those who wish to sexually exploit the children in our community, while sending a message to others that the sexual exploitation of children will not be tolerated. A lengthy sentence is necessary to deter this defendant from criminal conduct who believes he will simply do his time and go on his way.

### 5. Need to Protect the Public from Further Crimes of the Defendant

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (citing *United States v. Boyd*, 475 F.3d 875, 877–78 (7th Cir. 2007)). It is abundantly clear that the public is in need of protection from the defendant. There is already a high level of risk that conduct will occur based on the defendant's own admission that he has an uncontrollable problem. The public needs protection from the defendant's further crimes of exploiting children.

### 6. Need to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner

"When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault…[s]tates thus have a vital interest in rehabilitating convicted sex offenders. Therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism." *McKune v. Lile*, 536 U.S. 24, 33 (2002) (internal citations omitted.) A 180-month sentence is likely to afford the defendant the necessary sex offender treatment he quite clearly requires. The sentence would also afford the defendant the opportunity to receive education and training to improve his employability.

### 7. **Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

Although the defendant does not have a lengthy criminal conviction history, he has self-reported a lifelong history of sexually abusing children. Consequently, this defendant is not similarly situated to those defendants who come before the court with no prior criminal history. A 180-month sentence would avoid unwarranted sentence disparity with other offenders who have similar nature of offense and criminal history category.

## IV. RESTITUTION

18 U.S.C. § 2259 provides that the court shall order restitution for any offense under chapter 110, which includes 18 U.S.C. § 2252, receipt and distribution of child pornography. There have been six request for restitution by victims in the instant case. The first restitution request comes from a victim in the "Sponge Bob" series. There were 11 identified files containing the "Sponge Bob" series. The victim seeks restitution for: (1) $25,000 for the defendant's share of the victim's future psychological counsel costs and future lost income; (2) $33,415 for his expenses in preparing his report. The total of these requests is $58,415, and the victim accordingly seeks a restitution order for this amount.

The next five restitution requests come from five victims in the "8kids" series. There were 2,357 identified files containing the "8kids" series. The victims, John Does I-V, are requesting $15,000.00 per victim based upon the harm caused to the victims by this defendant for economic and rehabilitation.

The Government asks that the Court order restitution as it deems fair and just for these victims.

## V. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests this Court impose a sentence of 180 months' imprisonment to be followed by a life term of supervised release. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

Timothy A. Garrison
United States Attorney


*/s/ Ami Harshad Miller*_____
Ami Harshad Miller
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

**CERTIFICATE OF SERVICE**

   I hereby certify that on this the 28th day of August, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                */s/ Ami Harshad Miller*
                Ami Harshad Miller